UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ALEXANDER McARTHUR,<br>Plaintiff,<br><br>v.<br><br>C-TOWN SUPER MARKET, *et al.*,<br>Defendants. | No. 3:21-cv-972 (SRU) |

**RULING ON MOTION TO DISMISS and ORDER**

Alexander McArthur ("McArthur"), proceeding *pro se*, brings suit against defendants C-Town Super Market ("C-Town"), Fairfield County Protective Agency, and Community Outreach in connection with an incident in which he was accused of shoplifting merchandise. *See* Compl., Doc. No. 1. C-Town has moved to dismiss the complaint. For the reasons that follow, I **grant** C-Town's motion.

**I.   Background**

On the evening of January 3, 2021, McArthur went shopping at C-Town supermarket in New Haven, Connecticut. Compl., Doc. No. 1, at 3. While there, he carried a tote bag containing a package of cookies previously purchased at another establishment. *Id.* at 5. When McArthur went to pay for his C-Town merchandise, the store manager accused him of shoplifting the cookies. *Id.* at 5. She questioned him; searched the tote bag; and, in connection with the questioning and search, repeatedly touched McArthur's arms. *Id.* at 5-6. McArthur refused to cede the cookies.

When McArthur tried to exit the store, he was thwarted by security guards who "blocked [his] path" and "pushed [him] backwards." *Id*. at 5-6, 8, 11. In the process, a security guard's genitals "rubb[ed] against" McArthur's genitals through their respective clothes. *Id.* at 12-13.

After holding McArthur "hostage" and "captive" for an unspecified amount of time, the store manager and security guards eventually permitted him to leave the premises.  *Id.* at 8, 14.

On July 15, 2021, McArthur filed the instant complaint ("the Complaint").  Compl., Doc. No. 1.   McArthur asserts that the defendants' conduct constituted (1) racial discrimination, in violation of "Title 42, Chapter 21"; (2) unfair and deceptive acts and practices, in violation of 15 U.S.C. § 45c; (3) defamation, in violation of 28 U.S.C. § 4101 or 47 U.S.C. § 230; (4) "public humiliation"; (5) harassment, in violation of the "Code of Civil Procedure Chapter 3 Injunction 527.6"; (6) sexual assault, in violation of 10 U.S.C. § 920; (7) intimidation, coercion, and interference, in violation of 42 U.S.C. § 3617; and (7) a violation of the Tom Bane Civil Rights Act, Civil Code section 52.1.

On October 6, 2021, C-Town filed the instant Motion to Dismiss.  Doc. No. 17.  C-Town argues that this Court lacks subject matter jurisdiction over McArthur's claims and that McArthur fails to state a claim upon which relief may be granted.  *Id.*  On October 25, 2021, McArthur opposed the Motion to Dismiss. Doc. No. 18.  C-Town did not file a Reply.  The motion to dismiss is now before me.

**II.     Standard of Review**

   A. <u>Rule 12(b)(1)</u>

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).  A party that moves to dismiss for lack of subject matter jurisdiction "may refer to evidence outside the pleadings."  *Id.*  To survive a motion brought under Rule 12(b)(1), a plaintiff "has the burden of proving by a preponderance of the evidence that [subject matter jurisdiction] exists."  *Id.*

    B.  <u>Rule 12(b)(6)</u>

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) is designed "merely to assess the legal feasibility of a complaint, not to assay the weight of evidence which might be offered in support thereof." *Ryder Energy Distribution Corp. v. Merrill Lynch Commodities, Inc.*, 748 F.2d 774, 779 (2d Cir. 1984) (quoting *Geisler v. Petrocelli*, 616 F.2d 636, 639 (2d Cir. 1980)).

When deciding a motion to dismiss pursuant to Rule 12(b)(6), the court must accept the material facts alleged in the complaint as true, draw all reasonable inferences in favor of the plaintiffs, and decide whether it is plausible that plaintiffs have a valid claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007); *Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir. 1996).

Under *Twombly*, "[f]actual allegations must be enough to raise a right to relief above the speculative level," and assert a cause of action with enough heft to show entitlement to relief and the complaint must allege "enough facts to state a claim to relief that is plausible on its face." 550 U.S. at 555, 570. The plausibility standard set forth in *Twombly* and *Iqbal* obligates the plaintiff to "provide the grounds of his entitlement to relief" through more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (quotation marks omitted). Plausibility at the pleading stage is nonetheless distinct from probability, and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the claims] is improbable, and . . . recovery is very remote and unlikely." *Id.* at 556 (quotation marks omitted).

### III. Discussion

    A. <u>C-Town's Meritorious Motion to Dismiss</u>

        C-Town moves to dismiss the claims in the Complaint for failure to state a claim and for lack of jurisdiction.  After reviewing McArthur's claims, I agree that there is no basis for this Court's jurisdiction.  Accordingly, I must dismiss the Complaint in full.

        *First,* there is no basis for diversity jurisdiction.  A district court only has diversity jurisdiction in civil actions between citizens of different states and where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.  28 U.S.C. § 1332(a).  Here, the pleadings provide no information regarding the parties' citizenship.  However, McArthur has previously pleaded in other lawsuits filed in this Court that he is a resident of New Haven, Connecticut.  *E.g.*, *McArthur v. Property Mgmt., et al.*, Dkt. No. 3:20-cv-1007 (D. Conn. July 17, 2020), Doc. No. 1.  Therefore, I take judicial notice of the fact that McArthur is a citizen of Connecticut.  Fed. R. Evid. 201.  On the other side, C-Town indicates that it is also a citizen of Connecticut.  Doc. No. 17-1, at 6.  Because the plaintiff and defendant are both citizens of Connecticut, they are not completely diverse.  Accordingly, there is no basis for diversity jurisdiction.

        *Second,* McArthur's lawsuit does not plausibly present a federal question.  Section 1331 declares that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  Under the well-pleaded complaint rule set forth in *Louisville & Nashville R. Co. v. Mottley*, a suit generally "arises under" federal law "only when the plaintiff's statement of his own cause of action shows that it is based upon [federal law]."  211 U.S. 149, 152 (1908).  McArthur asserts several claims that he contends arise under federal law, but I must dismiss all for failure to state a claim.  The remaining claims provide no basis for federal question jurisdiction.

In Count One, McArthur pleads a claim of discrimination in violation of "Title 42, Chapter 21." Construing McArthur's complaint liberally, I interpret that he attempts to state a claim for discrimination in a place of public accommodation in violation of 42 U.S.C. § 2000a. But there are at least two problems with such a claim. One, it is not obvious that C-Town is covered by the statute. Two, McArthur does not allege that he satisfied the administrative requirements necessary for this Court to have jurisdiction over such a claim.

Section 2000a prohibits discrimination in certain places of public accommodations, specifically in facilities principally engaged in selling food for consumption on the premises. 42 U.S.C. § 2000a; *see also Daniel v. Paul*, 395 U.S. 298, 307-08 (1969). The statute expressly covers restaurants and hotels. 42 U.S.C. § 2000a(b). On the other hand, it does not expressly include grocery stores. Accordingly, courts have excluded grocery stores from the statute's protections where they are retail establishments that do not serve food for on-premises consumption. *See, e.g., Dunn v. Albertsons*, 2017 WL 3470573, at *4 (D. Nev. Aug. 10, 2017) (a retail grocery store was not a covered establishment); *Jackson v. Walgreens Co.*, 2016 WL 4212258, at *2 (D. Minn. Aug. 10, 2016) (a retail pharmacy selling packaged food was not a covered establishment); *Gigliotti v. Wawa Inc.,* 2000 WL 133755, at *2 (E.D. Pa. Feb. 2, 2000) (a convenience store that was not "principally engaged in selling for consumption on the premises" was not a covered establishment). *But see Brown v. Whole Foods Mkt. Grp., Inc.,* 965 F. Supp. 2d 132, 138 (D.D.C. 2013) (concluding that a grocery store with a "fully functioning restaurant" was a covered establishment), *rev'd in part on other grounds*, 789 F.3d 146 (D.C. Cir. 2015); *and Thomas v. Tops Friendly Markets, Inc.*, 1997 WL 627553 (N.D.N.Y. 1997) at *3 (a retail grocery store with a food counter was a covered establishment).

Here, McArthur principally alleges facts suggesting that C-Town is a supermarket selling food on a retail basis for off-premises consumption. The Complaint alleges that he was attempting to purchase merchandise from C-Town to bring home, and McArthur alleges no facts indicating that C-Town serves food for on-premises consumption. Accordingly, I conclude that C-Town, as alleged, is a retail establishment not covered by section 2000a.

Furthermore, even assuming *arguendo* that C-Town is a covered establishment, McArthur insufficiently pleads that he satisfied the notice requirements necessary for this Court to have jurisdiction over his claim. Section 2000a-3(c) provides that where a state or local law prohibits a discriminatory practice, "no civil action may be brought . . . before the expiration of thirty days after written notice of such alleged act or practice has been given to the appropriate State or local authority. . . ." 42 U.S.C. § 2000a–3(c). Connecticut state law prohibits discrimination in a place of public accommodation on the basis of protected class status. Conn. Gen. Stat. § 46a–64. The State of Connecticut has vested the Connecticut Commission on Human Rights and Opportunities ("CHRO") with the authority to address discrimination on the basis of race in public accommodations, providing for the filing of grievances with the CHRO. Conn. Gen. Stat. § 46a–82. Accordingly, if notice is not provided to the CHRO as required, then this Court will lack jurisdiction over a section 2000a claim. *Chance v. Reed*, 538 F. Supp. 2d 500, 510 (D. Conn. 2008) (explaining this requirement in the context of public accommodations).

However, McArthur does not make the required showing of notice to state or local authorities. For example, McArthur does not allege that he filed a complaint with the CHRO, nor does he append a CHRO complaint or Right to Sue letter with the Complaint in this lawsuit. On that basis, McArthur cannot establish that he gave notice to the appropriate state authority, as

required for review in this Court.  Accordingly, I must dismiss the claim arising under Title 42, Chapter 21 without prejudice for lack of jurisdiction.

In the alternative, liberally construing the Complaint, McArthur may intend to state a claim arising under 42 U.S.C. § 1981.  Section 1981 provides that "[a]ll persons . . . shall have the same right . . . to make and enforce contracts . . . as is enjoyed by white citizens."  42 U.S.C. § 1981; *see also Khedr v. IHOP Restaurants, LLC*, 197 F. Supp. 3d 384 (D. Conn. 2016) (applying § 1981 in a public accommodations discrimination claim); *Macedonia Church v. Lancaster Hotel Ltd. Partnership*, 560 F. Supp. 2d 175 (D. Conn. 2008) (same).  To state a claim arising under section 1981, a plaintiff "bears the burden of showing that race was a but-for cause of its injury."  *Comcast Corp. v. Nat'l Ass'n of African Am.-Owned Media*, 140 S. Ct. 1009, 1014 (2020).  If a plaintiff does not plead facts sufficient to carry this burden, dismissal is appropriate.  *Felder v. United States Tennis Ass'n*, 27 F.4th 834, 848 (2d Cir. 2022).

Here, McArthur does not allege that race was a but-for cause of the treatment by C-Town.  Indeed, the Complaint contains no factual allegations demonstrating that C-Town questioned and detained McArthur because of his race.  The only reference to race is within a list of legal bases on which McArthur brings the claim.  "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations," *Iqbal*, 556 U.S. at 679, the Complaint does not even identify McArthur's race.  Therefore, McArthur fails to state a claim of racial discrimination arising under 42 U.S.C. § 1981.  I dismiss the claim without prejudice.

In Count Two, McArthur alleges that C-Town's conduct constituted unfair and deceptive acts and practices, pursuant to 15 U.S.C. § 45c.  That statute renders efforts to circumvent

7

technology to exceed limits or other rules regarding online ticket purchases unlawful. *Id.* There are several problems with this claim.

As a threshold matter, McArthur's allegations principally concern accusations of shopping and detention in a grocery store. The Complaint alleges no facts even remotely related to online ticketing. Section 45c appears to be entirely inapposite. Moreover, repleading would be futile because a section 45c claim is not cognizable. "[P]rivate rights of action to enforce federal law must be created by Congress;" when a congressional enactment does not "display[] an intent to create . . . a private remedy, . . . a cause of action does not exist and courts may not create one." *Alexander v. Sandoval*, 532 U.S. 275, 286 (2001). There is no indication that Congress intended for section 45c to provide a cause of action. For one, the statute does not explicitly provide a private right of action or employ any other rights-creating language. In addition, the statute evinces Congressional intent to preclude a private cause of action, because section 45c is expressly enforceable by the Federal Trade Commission, state attorneys general, or state consumer protection agencies. Generally, "[t]he express provision of one method of enforcing a substantive rule suggests that Congress intended to preclude others." *Sandoval*, 532 U.S. at 290. Therefore, section 45c creates a strong presumption that Congress did not intend to create a private right of action—a presumption McArthur does not rebut. *See also Shostack v. Diller*, 2015 WL 5535808, at *9 (S.D.N.Y. Sept. 16, 2015), *report and recommendation adopted,* 2016 WL 958687 (S.D.N.Y. Mar. 8, 2016) (concluding that a related provision of the Federal Trade Commission Act, 18 U.S.C. § 45a, does not provide a private right of action). Because I conclude that a claim under section 45c is not cognizable, I dismiss the claim with prejudice.

In Count Three, McArthur alleges defamation, pursuant to 28 U.S.C. § 4101 or 47 U.S.C. § 230. Title 28 addresses "Judiciary and Judicial Proceedings," and section 4101 is a definition section that applies to the Recognition of Foreign Judgments, including foreign defamation judgments. McArthur provides no allegations regarding any foreign defamation judgments in his complaint; therefore, I must dismiss the claim. *See Kalola v. Int'l Bus. Machines Corp.*, 2019 WL 6879307, at *3 (S.D.N.Y. Dec. 16, 2019) (holding same).

Furthermore, repleading would be futile. Section 4101 does not provide a cause of action for defamation. *See* 28 U.S.C. §§ 4101(1), 4102. For that reason, courts have declined to hold that similarly-situated plaintiffs alleging a cause of action under 28 U.S.C. § 4101 have established a basis for federal question jurisdiction. *E.g.*, *White v. White*, 2022 WL 60336, at *2 (S.D. Ohio Jan. 6, 2022), *report and recommendation adopted*, 2022 WL 788250 (S.D. Ohio Mar. 14, 2022) (holding same). Instead, "[d]efamation . . . is an issue of state law" rather than federal law. *Sadallah v. City of Utica*, 383 F.3d 34, 38 (2d Cir. 2004). Because a claim for defamation arising under section 4101 is not cognizable, it cannot present a federal question. Accordingly, I dismiss the section 4101 claim with prejudice.

McArthur also appears to invoke 47 U.S.C. § 230, which provides "protection for private blocking and screening of offensive material." But section 230, which provides immunity to internet platforms with respect to content created and published by third parties, is inapposite. McArthur does not allege any facts related to any internet platform. On the facts alleged in the Complaint, it is not evident that he could. I dismiss the section 230 claim with prejudice.

In Count Six, McArthur pleads a claim of sexual assault, in violation of 10 U.S.C. § 920. As I have previously explained, that statute— entitled "Rape and sexual assault generally"— is a provision of the Uniform Code of Military Justice. *See McArthur v. Yale New Haven Hosp.*,

9

2021 WL 3725996, at *4 (D. Conn. Aug. 31, 2021) (addressing same).  Here, McArthur pleads no facts related to the military suggesting that the statute is relevant.

Once again, repleading would be futile, because section 920 does not incorporate a private right of action.  *See Xu v. Neubauer*, 166 F. Supp. 3d 203, 207 (D. Conn. 2015) ("Federal criminal statutes do not provide private rights of action."); *cf. Rouhi v. Kettler*, 2020 WL 3451871, at *3 (D. Md. June 24, 2020) (dismissing pro se plaintiff's complaint for lack of subject matter jurisdiction when based, in part, on 10 U.S.C. § 921, a provision of the Uniform Code of Military Justice punishing larceny that "does not incorporate a private right of action, and military justice has no application to a dispute between a tenant and her property management company").  I dismiss the claim with prejudice.

In Count Seven, McArthur pleads a claim of intimidation, coercion, and interference, in violation of 42 U.S.C. § 3617.  That statute provides that "[i]t shall be unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided and or encouraged any other person in the exercise or enjoyment of, any right granted or protected by section 3603, 3604, 3605, or 3606 of this title." 42 U.S.C. § 3617.  By its terms, section 3617 "safeguards members of [a] protected class from coercion, intimidation, threats, or interference in the exercise or enjoyment of their Fair Housing Act rights" and additionally "protects third parties . . . who aid or encourage protected class members in the exercise or enjoyment of their Fair Housing Act rights." *Frazier v. Rominger*, 27 F.3d 828, 833 (2d Cir. 1994).  The Complaint includes no facts relating to housing or other real estate-related transactions.  Accordingly, the Complaint fails to state a claim under section 3617.

Additionally, repleading would be futile. The underlying allegations in the Complaint involve events taking place at a grocery store, and they have no connection with housing. Accordingly, I dismiss the section 3617 claim with prejudice.

McArthur's remaining claims fail to provide a basis for federal question jurisdiction, because they arise under state law. In Count Four, McArthur pleads a claim of "public humiliation," which I construe to state a claim of intentional infliction of emotional distress or to bring a claim under a state statute providing a private right of action for civil damages for violations of state criminal harassment laws, Conn. Gen. Stat. § 52-571c. In Count Five, McArthur pleads a claim of harassment, in violation of the "Code of Civil Procedure Chapter 3 Injunction 527.6." I understand this claim to arise from a provision of the California Code of Civil Procedure providing for civil restraining orders. Cal. Civ. Proc. Code § 527.6 ("A person who has suffered harassment . . . may seek a temporary restraining order and an order after hearing prohibiting harassment as provided in this section."). In Count Seven, he pleads a violation of the Tom Bane Civil Rights Act, Civil Code section 52.1. The Tom Bane Civil Rights Act is a California statute that "civilly protects individuals from conduct aimed at interfering with rights that are secured by federal or state law, where the interference is carried out by threats, intimidation or coercion." *Reese v. Cty. of Sacramento*, 888 F.3d 1030, 1040 (9th Cir. 2018) (cleaned up). Setting aside the fact that McArthur never provides any basis upon which a California statute should apply to the facts alleged in his complaints, the provisions of California state law cannot provide a basis for this Court's jurisdiction.

Moreover, to any extent that I might liberally construe the Complaint to raise claims for a violation of the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110a *et seq*. ("CUTPA"); common law defamation; common law battery; intentional infliction of emotional

11

distress; or a state statute providing a private right of action for civil damages for violations of state criminal harassment laws, Conn. Gen. Stat. § 52-571c, such claims also arise under state law and cannot provide a basis for federal question jurisdiction.

*Third*, because there are no federal law claims remaining and there is no diversity jurisdiction based on the citizenship of the parties, I decline to exercise supplemental jurisdiction over McArthur's claims arising under state law. See 28 U.S.C. § 1367(c)(3); *Astra Media Grp., LLC v. Clear Channel Taxi Media*, LLC, 414 F. App'x 334, 337 (2d Cir. 2011) (advising that "where all the federal claims have been dismissed at a relatively early stage, the district court should decline to exercise supplemental jurisdiction over pendent state-law claims").

Accordingly, I dismiss the remaining claims without prejudice for lack of jurisdiction. *See Hernandez v. Conriv Realty Assocs.*, 182 F.3d 121 (2d Cir. 1999) ("Article III deprives federal courts of the power to dismiss a case with prejudice where federal subject matter jurisdiction does not exist.").

B. <u>Claims Against Fairfield County Protective Agency and Community Outreach</u>

The remaining defendants in this case are Fairfield County Protective Agency and Community Outreach. Neither has appeared in this action. In my view, their failure to appear is explainable and justifiable because these parties were not properly served and have not received notice of their status as a party in this lawsuit.

A court may dismiss a civil action for insufficient service of process. Fed. R. Civ. P. 4(m). McArthur filed the Complaint on July 15, 2021. Doc. No. 1. From that date, McArthur had ninety days to serve Fairfield County Protective Agency and Community Outreach. *Id*. There is no showing that McArthur complied with that obligation. Although McArthur's

noncompliance is likely the result of an honest mistake, it remains true that service was not properly effected on Fairfield County Protective Agency and Community Outreach.

As a result, I will dismiss the claims against Fairfield County Protective Agency and Community Outreach without prejudice pursuant to Rule 4(m) for insufficient service of process unless McArthur effects service on those defendants within 45 days from this order.

## IV. Conclusion

For the foregoing reasons, I grant C-Town's motion to dismiss McArthur's claims. Specifically:

(1) To the extent that McArthur's racial discrimination claim arises under 42 U.S.C. § 2000a, the claim is **dismissed without prejudice** to McArthur's demonstration that he properly complied with notice to the CHRO.  To the extent that McArthur's racial discrimination claim arises under 28 U.S.C. § 1981, it is **dismissed without prejudice**.

(2) McArthur's unfair and deceptive acts and practices claim arising under 15 U.S.C. § 45c is **dismissed with prejudice**.

(3) To the extent that McArthur's defamation claim arises under 28 U.S.C. § 4101, the claim is **dismissed with prejudice**.  To the extent that McArthur's defamation claim arises under 47 U.S.C. § 230, the claim is also **dismissed with prejudice**.

(4) McArthur's sexual assault claim arising under 10 U.S.C. § 920 is **dismissed with prejudice**.

(5) McArthur's claim of intimidation, coercion, and interference, in violation of 42 U.S.C. § 3617 is **dismissed with prejudice**.

(6) McArthur's claims for harassment, in violation of the "Code of Civil Procedure Chapter 3 Injunction 527.6" and for violation of the Tom Bane Civil Rights Act, Civil Code section 52.1 are **dismissed without prejudice**.

(7) To any extent that McArthur raises state law claims for violation of the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110a *et seq*. ("CUTPA"); common law defamation; common law battery; intentional infliction of emotional distress; or the Connecticut state statute providing a private right of action for civil damages for violations of state criminal harassment laws, Conn. Gen. Stat. § 52-571c, those claims are **dismissed without prejudice**.

McArthur may file an amended complaint against C-Town **within thirty days** of the date of this Order. The dismissals of federal claims without prejudice will become dismissals with prejudice unless McArthur files an amended complaint curing the noted pleading deficiencies.

In addition, to the extent that he wishes to pursue claims against them in this court, I order McArthur to effect service against Fairfield County Protective Agency and Community Outreach within **forty-five days** of the date of this order.

So ordered.

Dated at Bridgeport, Connecticut, this 28th day of July 2022.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge