UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ALEXANDER McARTHUR,<br>  Plaintiff,<br><br>    v.<br><br>C-TOWN SUPER MARKET, *et al.*,<br>  Defendants. | No. 3:21-cv-972 (SRU) |

### ORDER OF DISMISSAL

Alexander McArthur ("McArthur"), proceeding *pro se*, brought suit against defendants C-Town Super Market ("C-Town"), Fairfield County Protective Agency, and Community Outreach. I previously granted C-Town's motion to dismiss the claims against it, dismissing some claims with prejudice and others without prejudice. C-Town now moves for dismissal of all claims with prejudice pursuant to Federal Rule of Civil Procedure 41(b), which authorizes the Court to dismiss an action for failure to prosecute or to comply with a court order. C-Town's motion is **granted in part** and **denied in part**. I additionally dismiss the remaining claims against defendants Fairfield County Protective Agency and Community Outreach.

**I.    Background**

On July 15, 2021, McArthur filed the instant complaint ("the Complaint"), in connection with an incident in which McArthur was accused of shoplifting merchandise. Compl., Doc. No. 1. McArthur asserted that the defendants' conduct constituted (1) racial discrimination, in violation of "Title 42, Chapter 21"; (2) unfair and deceptive acts and practices, in violation of 15 U.S.C. § 45c; (3) defamation, in violation of 28 U.S.C. § 4101 or 47 U.S.C. § 230; (4) "public humiliation"; (5) harassment, in violation of the "Code of Civil Procedure Chapter 3 Injunction 527.6"; (6) sexual assault, in violation of 10 U.S.C. § 920; (7) intimidation, coercion, and

interference, in violation of 42 U.S.C. § 3617; and (7) a violation of the Tom Bane Civil Rights Act, Civil Code section 52.1.

On July 28, 2022, I granted C-Town's motion to dismiss the claims against it. *See generally* Doc. No. 22 ("the July 28 Order"). Specifically, I dismissed with prejudice McArthur's federal claims that I construed as arising under 15 U.S.C. § 45c, 28 U.S.C. § 4101, 47 U.S.C. § 230, 10 U.S.C. § 920, and 42 U.S.C. § 3617; and I dismissed without prejudice McArthur's federal claims that I construed as arising under 42 U.S.C. § 2000a and 28 U.S.C. § 1981. *Id.* at 13-14. Because McArthur had failed to state a federal claim, I declined to exercise supplemental over his pendant state law claims and dismissed those claims without prejudice. *Id.* at 12. I granted McArthur leave to file an amended complaint against C-Town on or before August 29, 2022. *Id.* at 14. At that time, I advised that failure to file an amended complaint would result in dismissal with prejudice of McArthur's federal claims arising under 42 U.S.C. § 2000a and 28 U.S.C. § 1981. *Id.* at 14.

In the July 28 Order, I also observed that McArthur had failed to serve defendants Fairfield County Protective Agency and Community Outreach. *Id.* at 12. I granted McArthur forty-five days, until on or before September 12, 2022, to effect service of process against those defendants. *Id.* at 13. I warned that I would dismiss the claims against those defendants if McArthur failed to do so. *Id.*

As of September 6, 2022, McArthur had failed to file an amended pleading against defendant C-Town Supermarket. Citing to that failure, C-Town moved on that date for dismissal of all claims with prejudice pursuant to Federal Rule of Civil Procedure Rule 41(b). *See generally* Doc. No. 25 (citing Fed. R. Civ. P. 41(b)). C-Town argues that dismissal of the

complaint with prejudice is appropriate in light of McArthur's failure to prosecute and to comply with the Court's order. *Id*.

As of October 12, 2022, McArthur has neither filed an amended complaint nor effected service against Fairfield County Protective Agency and Community Outreach.

**II.     Discussion**

   A.   Claims Against C-Town

C-Town requests that I dismiss all of the claims against it with prejudice in light of McArthur's failure to file an amended complaint against it by the deadline set in the July 28, 2022 Order. Doc. No. 25, at 1. I grant C-Town's motion in part and deny it in part.

A district court may involuntarily dismiss an action under Rule 41(b) if a plaintiff "fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b); D. Conn. Local R. Civ. P. 41(a); *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014). In considering whether such dismissal is appropriate, the Court must consider: "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's [right to due process and] interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal." *Baptiste*, 768 F.3d at 216 (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)); *Jackson v. City of New York*, 22 F.3d 71, 74 (2d Cir. 1994) (advising that the fourth factor requires balancing the court's interest in managing its docket with the plaintiff's "right to due process"); *Alvarez v. Simmons Mkt. Research Bureau, Inc.*, 839 F.2d 930, 932 (2d Cir. 1988)

(applying the five factor test to a Rule 41(b) dismissal for failure to comply with a court order). "No single factor is generally dispositive." *Id*.

I agree with C-Town that dismissal with prejudice of the federal claims arising under 42 U.S.C. § 2000a and 28 U.S.C. § 1981 is warranted. McArthur was granted thirty-days to file an amended complaint reasserting those claims and was on notice that failure to file an amended complaint would result in their dismissal with prejudice. *See* Doc. No. 22. Nevertheless, he failed to do so. As a result, he has failed to set forth a valid basis for this Court's jurisdiction over his 42 U.S.C. § 2000a claim, nor a valid 28 U.S.C. § 1981 claim, despite the opportunity to do so. Moreover, he has prejudiced C-Town by delaying resolution of these proceedings. *See United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 256 (2d Cir. 2004). Accordingly, I dismiss the federal claims with prejudice.

On the other hand, I do not dismiss with prejudice the state law claims over which I declined to exercise jurisdiction. *See JetBlue Airways Corp. v. CopyTele Inc.*, 629 F. App'x 44, 46 (2d Cir. 2015) ("[W]here subject matter jurisdiction is lacking, a court may not dismiss a claim . . . with prejudice."). Accordingly, the state law claims will remain dismissed without prejudice.

B. Claims Against Fairfield County Protective Agency and Community Outreach

In addition, I *sua sponte* dismiss without prejudice the claims against Fairfield County Protective Agency and Community Outreach.

Federal Rule of Civil Procedure 4(m) provides that "if a defendant is not served within 90 days after the complaint is filed, the court— on motion or on its own after notice to the plaintiff— must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m).

4

In this case, after McArthur failed to timely serve defendants Fairfield County Protective Agency and Community Outreach, I advised him of the failure and granted him additional time to do so. He has failed to rectify that omission. Accordingly, I dismiss without prejudice the remaining claims against Fairfield County Protective Agency and Community Outreach pursuant to Rule 4(m).

### III.   Conclusion

There are no surviving claims in this action. I respectfully request that the Clerk close this case.

So ordered.

Dated at Bridgeport, Connecticut, this 12th day of October 2022.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge
